## AFFIDAVIT IN SUPPORT OF COMPLAINT

I, Emily Tripp, being duly sworn, state as follows:

I.  **Introduction**

1. I am a Special Agent with the Federal Bureau of Investigation (FBI), and have been so employed since March 2016. Since December 2020, I have been assigned to the FBI's Texarkana Resident Agency, under the Dallas, Texas, Field Office. During my employment with the FBI, I have received training concerning and been involved in the investigations of numerous federal offenses, to include firearms crimes in violation of Title 18, United States Code, Section 921 *et seq*. As an FBI Special Agent, I have also received training regarding, and have experience with, the operation of numerous types of firearms, to include shotguns. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other officers and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant, and does not set forth all of my knowledge about this matter.

2. Based upon your Affiant's training and experience, and a review of evidence gathered by agents assigned to this investigation, there is probable cause to believe that, on or about May 10, 2023, in the Western District of Arkansas, Texarkana Division, the Defendant, David Earl Kemp, in connection with the attempted acquisition of a firearm from a licensed dealer, knowingly made a false or fictitious written statement which was intended or likely to deceive such dealer with respect to any fact material to the lawfulness of the sale or disposition of that firearm under the provisions of Title 18, United States Code, Chapter 44, in violation of Title 18, United States Code, Section 922(a)(6). This Affidavit is in support of a request for the issuance of a federal complaint and arrest warrant for the Defendant.

## II.  Background Regarding the Defendant

3.  On or about January 5, 2023, the Defendant, David Earl Kemp (hereinafter "Kemp") approached the Federal Courthouse located at 500 State Line Avenue, in Texarkana (hereinafter the "Courthouse"). Kemp, who may suffer from mental health issues, had already been denied entry to the Courthouse on prior occasions, due to disruptive conduct. Kemp had also been cited by local police for trespassing at the Courthouse, during one such prior incident. When Kemp approached the Courthouse on January 5, he was again denied entry due to his behavior during the prior incident. When Kemp was informed he would not be allowed into the Courthouse, he told a Court Security Officer (CSO) "I am going to kill you". He then left the Courthouse property.

4.  On or about February 17, 2023, two CSOs were outside the Courthouse, when a man matching Kemp's description approached them from the direction of the intersection of Walnut and 5th Streets, on the Arkansas side. The man told the two CSOs that his name was "David", and asked if they could do him a favor. The man then handed one of the CSOs an unspent 7.62x54 millimeter rimmed rifle cartridge, and told the CSOs to give it to James Spiropoulos. James Spiropoulos is a retired FBI Special Agent, formerly assigned to the Texarkana Resident Agency, who has dealt with David Kemp on a number of prior occasions. "David" then walked back in the direction he had come from, toward the Arkansas-side of Texarkana. After "David" walked away, CSOs watched Courthouse surveillance footage, which showed "David" get into the passenger side of a white conversion van, which then drove away. Subsequently, a Texarkana, Arkansas, police officer went to a residence on Burton Street, where David Kemp is known to reside. There, she saw what appeared to be the same white conversion van, parked at Kemp's residence.

5.  On or about May 10, 2023, a man later identified as Kemp entered Roy's Pawn Shop, located at 1109 East Street, in Texarkana, Arkansas. Roy's Pawn Shop is owned and operated by a licensed federal firearms dealer, according to documentation I have received from the United States Bureau of Alcohol, Tobacco, Firearms and Explosives (hereinafter "ATF"). ATF regulates the sale of firearms by licensed dealers, under federal law. When he entered on May 10, Kemp told the shop clerk he wanted to purchase a Maverick model 88 12-gauge shotgun that the shop had for sale (serial number MV82138X).[1] To begin that process, the clerk asked Kemp to fill out an ATF Form 4473. Purchasers of firearms from licensed firearms dealers must complete an ATF Form 4473, as part of the mandatory background check process. Section B of Form 4473, which must be filled out by the prospective purchaser, specifically advises such persons that "making any false oral or written statement […] with respect to this transaction, is a crime punishable as a felony under Federal law […]." As requested, Kemp completed and signed Section B of Form 4473, which concludes with the statement "I certify that my answers in Section B are true, correct, and complete." Among the questions Kemp answered in Section B, prior to signing and dating it, is Question 21(c), which reads as follows:

> Have you ever been convicted in any court, including a military court, of a felony, or any other crime for which the judge could have imprisoned you for more than one year […]?

In response to Question 21(c), Kemp checked the "No" box. Roy's Pawn Shop has provided the FBI the original ATF Form 4473 which was completed and signed by Kemp.

---

[1] From my training and experience as an FBI Special Agent, I know that a Maverick model 88 12-gauge shotgun is, in fact, a "firearm", as that term is defined in Title 18, United States Code, Section 921(a)(3), in that it is a weapon which will, or is designed to, expel a projectile by the action of an explosive.

6. I have obtained records of the 5th District Court for Bowie County, Texas, showing that, on June 18, 2012, the same David Kemp appeared in person and was convicted in that court (Case No. 09F0132-005) of the "State Jail Felony" offense of Criminal Nonsupport, in violation of Texas Penal Code, Section 25.05. Under Texas Penal Code, Section 12.35, a "State Jail Felony" is punishable by up to two years' imprisonment. Records of the same court also show that, on June 18, 2012, Kemp was advised and acknowledged in writing that persons convicted of "State Jail Felonies", including Criminal Nonsupport, may be confined in a state jail for up to two years.

7. In consideration of the above, Kemp's answer to Question 21(c) of Section B of ATF Form 4473, in connection with his attempted acquisition of the Maverick shotgun at Roy's Pawn Shop on May 10, 2023, was knowingly false. That false statement was intended, or was likely, to deceive the licensed firearms dealer—in this case Roy's Pawn Shop—as to a fact material to the lawfulness of the sale or disposition of that firearm under the provisions of Title 18, United States Code, Chapter 44. Specifically, the knowing sale or disposal of any firearm to a person who has been convicted of an offense punishable by imprisonment exceeding one year is unlawful under Title 18, United States Code, Section 922(d)(1).

8. After Kemp completed and signed Section B of ATF Form 4473, the sale of the shotgun was nonetheless flagged and denied by ATF, apparently based in part upon Kemp's prior felony conviction. When the clerk informed Kemp that the sale of the shotgun could not be completed, Kemp became belligerent and exchanged words with the clerk, before leaving the store.

9. I have reviewed security footage of the above-described May 10, 2023, attempted purchase of the Maverick shotgun, which was provided to me by Roy's Pawn Shop. Having done so, I am able to identify the attempted purchaser in that transaction as the Defendant, David Earl Kemp. I recognize Kemp from having seen his official Arkansas state driver's license photo, as

well as booking photos of him from prior local arrests.

### III.  Conclusion

10.     Based upon the foregoing, there is probable cause to believe that, as alleged in the attached Complaint, on or about May 10, 2023, in the Western District of Arkansas, Texarkana Division, the Defendant, David Earl Kemp, in connection with the acquisition, or attempted acquisition, of a firearm from a licensed dealer, did knowingly make a false or fictitious oral or written statement intended or likely to deceive such licensed dealer with respect to any fact material to the lawfulness of the sale or disposition of such firearm under the provisions of Title 18, United States Code, Chapter 44, in violation of Title 18, United States Code, Section 922(a)(6).

Respectfully submitted,

_____
Special Agent Emily Tripp
Federal Bureau of Investigation

Sworn to and subscribed before me on this 12th day of May 2023.

_____
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE